■ INTRODUCTIONS, INC., Appellant, v RICHARD ROSETTI, Also Known as RICHARD ROSETTE, Individually and as Agent for Village Centre Associates, Inc., et al., Respondents.—Mercure, J. Appeal from an order of the Supreme Court (Harris, J.), entered December 20, 1989 in Albany County, which denied plaintiff's motion for summary judgment.

Plaintiff commenced this action to recover damages alleged to have resulted from defendants' breach of and tortious conduct concerning a purported commercial lease of premises situated at 1717 Central Avenue in the Town of Colonie, Albany County (hereinafter the property). Following joinder of issue, plaintiff moved for summary judgment on the issue of liability. Supreme Court denied the motion, finding "a sharp dispute respecting the facts, terms and nature of the transaction involved", and plaintiff appeals.

We affirm. Plaintiff supported its motion with, *inter alia,* the affidavit of its principal, Elizabeth Bardwell, who presents the following account. On August 25, 1988 Bardwell, in search for a site for plaintiff's offices, contacted defendant Richard Rosetti, whom she had been advised was offering commercial office space for lease. Rosetti met Bardwell at the property

and showed her space on the second floor consisting of two offices and a common reception area. Bardwell expressed her interest in the property and Rosetti thereafter presented a proposed one-year lease for her review and signature. In response to Bardwell's request for additional terms, the lease was amended and was then signed by Bardwell on behalf of plaintiff.

The written lease, although stating Rosetti to be the landlord, was never signed by Rosetti or anyone else purporting to own the property. Ultimately, plaintiff was dispossessed from the premises prior to the conclusion of the tenancy although current in payment of rent and in conformance with the remaining terms of the lease. Contrary to the representation on the written lease, the owner of the premises was not Rosetti but, rather, defendant Joseph M. Clark, individually or as a principal of defendant Village Centre Associates, Inc.

In opposition to the motion, Rosetti and Clark presented the following version. Bardwell contacted Rosetti in the latter part of August 1988 in tears, desperately needing approximately 400 square feet of space which could be occupied immediately due to the destruction of plaintiff's current business location by fire. Rosetti advised Bardwell of the availability of a five-office suite owned by Village Centre Associates and stated that perhaps arrangements could be made for plaintiff's temporary nonexclusive use of two of the offices and the common reception area for $600 per month. However, if a permanent tenant was found for the entire suite, then plaintiff would have to vacate the suite immediately, with the landlord to be responsible for the expense of plaintiff's relocation to other space in the same building.

Defendants further aver that, after Bardwell inspected the property and verbally accepted the arrangement, Rosetti accepted her $600 check and instructed his secretary to prepare a lease. The secretary, not realizing this was not one of Rosetti's own commercial properties, incorrectly filled in his name and address in the space designated for the landlord. Because no permanent location within the property had yet been agreed upon, the portion of the lease form intended to contain a description of the leased premises was intentionally left blank. During plaintiff's occupation of the property, prospective tenants were shown plaintiff's offices without objection, and in October 1988 a permanent tenant was found for the five-office suite. When advised of this fact and requested to relocate to the first floor of the property, plaintiff refused to honor its agreement to vacate, prompting its dispossession.

Clearly, if the trier of fact were to credit defendants' account, plaintiff's action would be defeated. Contrary to plaintiff's contention, Rosetti's conduct subsequent to August 25, 1988 was as consistent with defendants' version of the events as with that described by Bardwell and by no means compels a finding that Rosetti accepted the written lease agreement which Bardwell signed, either individually or on behalf of Clark or Village Centre Associates. Notably, defendants' recognition of plaintiff's tenancy and acceptance of rent is not the equivalent of an acknowledgment that the scope and conditions of the tenancy were as set forth in the written lease, and the fact that the lease did not identify the leased premises and that plaintiff never sought a fully executed copy during its occupation of the premises tends to corroborate defendants' allegations.

In view of the sharply conflicting factual allegations and issues of credibility to be determined by the trier of fact, plaintiff's motion was properly denied.

Order affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.